UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JOSEPH ALAN JAMES,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 20-256-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Joseph Alan James is a federal inmate currently confined at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky.  Proceeding without counsel, James has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  James has neither paid the $5.00 filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his petition, James states that he is currently "being abused and neglected by staff by orders from [Warden] Francisco Quintana" in relation to the ongoing COVID-19 pandemic.  [R. 1]  James also alleges that his rights to due process and freedom of speech are being violated.  [*Id.*]  Although the grounds for these claims are not entirely clear, they appear to be based on his allegations that his mail has been delayed, lost, or returned with legal documents missing.  [*Id.*]  James has crossed out the section of the form that he used to file his § 2241 petition regarding his

pursuit of administrative remedies, claiming that it is not applicable. [*Id*.] As relief, he requests that he be immediately released "due to the abuse and neglect by Warden Francisco Quintana and/or because of the due process, and freedom of speech violations I request my time or sentence be over." [*Id*.]

However, James's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Upon review, James's claims clearly relate to the conditions, not the fact or duration, of his confinement. A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should James wish

to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

It is true that the United States Court of Appeals for the Sixth Circuit has recently stated that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). In *Wilson*, the petitioners contended that there were *no* conditions of confinement sufficient to prevent irreparable constitutional injury at FCI-Elkton as a result of the spread of COVID-19, thus they sought release, which the Sixth Circuit noted is "the heart of habeas corpus." *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). However, James does not claim that there are absolutely no conditions of confinement under which he could constitutionally remain at FMC-Lexington. Rather, he claims that he should be released from custody because he has allegedly been subjected to "abuse and neglect" and because his rights to due process and freedom of speech have allegedly been violated.

Moreover, to the extent that James seeks for his term of imprisonment to "be over," in *Wilson*, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners. A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 961 F.3d at 838. Thus, James's request for immediate release, though filed in a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced James, and may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited

3

circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 961 F.3d at 844.

Moreover, contrary to James's claim that the administrative remedy process does not apply, in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit specifically rejected the argument that a prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) need not comply with that statute's administrative exhaustion requirement prior to seeking relief in federal court. In *Alam*, the Sixth Circuit affirmed the district court's dismissal of a prisoner's § 3582 motion filed prior to exhaustion, explaining that "because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it." *Id*. at 832. The Sixth Circuit further found that the "unprecedented" COVID-19 pandemic does not warrant a departure from the exhaustion requirement, as "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id*. at 835-36.

For all of these reasons, the Court will deny James's § 2241 petition without prejudice to James's right to assert his claims related to the conditions of his confinement in a civil rights proceeding and/or his right to file a motion for a modification of his sentence pursuant to 18 U.S.C. § 3582 in the Court that sentenced him.

Accordingly, it is hereby **ORDERED** as follows:

1. James's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is

    **DENIED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated July 6, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY